**OWEN OF GEORGIA, INC., Plaintiff-Appellant,**

v.

**Howard BLITMAN, Taylor Woodrow, et al., Defendants-Appellees.**

No. 72–1634.

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 14, 1972.

Rehearing Denied Aug. 2, 1972.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

**604**

Glenville Haldi, Peck, Whaley & Haldi, Atlanta, Ga., for plaintiff-appellant.

R. Neal Batson, Michael A. Doyle, Overton A. Currie, Aubrey L. Coleman, Jr., Alston, Miller & Gaines, Smith, Currie & Hancock, Atlanta, Ga., for defendants-appellees.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The district court dismissed the instant civil action for lack of in personam jurisdiction over non-resident defendants, based upon the absence of due process minimal contacts by such defendants with the State of Georgia. We affirm.

The complaint asserted that the local plaintiff was a steel fabricator and that the non-resident defendants were the builders of a housing project in Boston, Massachusetts. The cause of action alleged was the breach of an oral contract for the fabrication and delivery of steel ordered for the Massachusetts project. By affidavits and counter-affidavits filed in connection with the motion to dismiss, it was established that when the defendants had ascertained the steel needs of their housing project, they contacted a Massachusetts corporation, Design Structures, Inc., which is described as a steel fabricator's representative for steel firms in the southeastern United States. Defendants advised this representative of the time and material requirements of the project, and the representative in turn conveyed the information by telephone to the plaintiff. A representative of the plaintiff thereupon traveled to Massachusetts, met with the representatives of defendants and allegedly entered into a contract for the necessary steel fabrication to be performed in plaintiff's Georgia factory. Shipment f.o.b. of the steel to the Massachusetts project was subsequently made.

Plaintiff for its part, and all defendants for their part, respectively deny that Design Structures, Inc. acted as its or their agent or representative in the transaction.

The burden was upon the plaintiff to establish jurisdiction under the Georgia "long-arm" statute providing for substituted service of process on non-resident defendants. Plaintiff's affidavits established only that Design Structures, Inc. was not *its* agent or representative. Such a showing without more, falls short of establishing that Design Structures, Inc. was an agent or representative of any non-resident defendant.

Without reaching the question of whether such an agency relationship with the defendants would be sufficient to establish such minimal contacts by defendants with the State of Georgia as would be necessary to comport with bare constitutional due process standards, we can safely assert that in the absence of such proof such contacts were not established. *See* Marival, Inc. v. Planes, Inc., 302 F.Supp. 201 (N.D.Ga.1969). The order of the district court dismissing the complaint for lack of in personam jurisdiction is affirmed.

In the concluding paragraph of its brief in this court plaintiff seeks, as an alternative to reversal, a requirement that the cause be transferred to the United States District Court for the District of Massachusetts. Defendants respond that such issue is improperly raised for the first time on appeal, and suggest that, because of the New York residence of some of the defendants, venue may not lie in the Massachusetts District Court. While a court without in personam jurisdiction of the defendant may have the power to make such transfer, *see* Wright, Law of Federal Courts § 44 (1970 ed.), we expressly decline to entertain this issue for the first time on appeal.

The judgment appealed from is

Affirmed.