This is an appeal from a judgment of the Circuit Court of Mobile County dismissing the plaintiff's complaint for lack of personal jurisdiction and improper venue. We affirm.
The plaintiff, White-Spunner Construction, Inc., is an Alabama corporation engaged in the construction business. Its office is located in Mobile. In January 1988, White-Spunner was the general contractor on the initial construction of a shopping center known as Woodstock Commons, located in Woodstock, Georgia.
In February, Benjamin Cliff telephoned White-Spunner in Mobile, from Georgia, and talked with Conan Terrell, a vice-president of White-Spunner. Cliff submitted a bid on behalf of the defendant, Frank Cliff, d/b/a Cliff and Sons Masonry, for masonry work on the Woodstock project.
White-Spunner claims that Cliff initiated contact with White-Spunner by telephoning its office and mailing a résumé into Mobile. Cliff claims that he did not initiate contact with White-Spunner, but that he had been informed that White-Spunner wanted to discuss masonry work with him with regard to the Woodstock construction project; thereafter, Cliff said, he called White-Spunner's office to set up a meeting with its project manager, Terrell. Cliff also argues that the résumé was sent to White-Spunner later, after it had requested one.
After negotiating the terms of the contracts, White-Spunner sent them to Cliff in Georgia for his signature. Cliff and Terrell had several telephone conversations about changing some of the details in the contracts, and on February 22, 1988, White-Spunner and Cliff entered into the *Page 866 
two subcontracts. On March 8, 1988, the contracts were finalized and both parties signed them at the project site in Georgia. Cliff had already started working on the Woodstock construction project two weeks before the signing of the final contracts.
Thereafter, the contacts between White-Spunner and Cliff were at the project site in Georgia, with the exception of one telephone call by Cliff to Terrell in Mobile informing Terrell that he would have to cease working until White-Spunner's site was ready for performance. All payments to Cliff were made in Georgia, and there was no mail correspondence in Alabama except for the checks received from White-Spunner. Cliff had no other Alabama contacts.
Both of the subcontracts between White-Spunner and Cliff contained a forum selection clause, which stated: "This subcontract shall be interpreted in accordance with the laws of the State of Alabama, and the forum for any action to enforce its terms shall be the Circuit Court of Mobile County, Alabama."
Three issues are presented by this appeal:
I. Whether the forum selection clause is enforceable.
II. Whether the Alabama court has personal jurisdiction over Cliff.
III. Whether venue in Mobile County was proper.
 I.
Forum selection clauses in Alabama are considered invalid. InRedwing Carriers, Inc. v. Foster, 382 So.2d 554 (Ala. 1980), we stated,
 "We must determine whether parties may contractually divest a court of its jurisdiction. In Alabama, parties cannot confer jurisdiction by consent. Koppers Company v. Gulf Welding and Construction, Inc., 285 Ala. 331, 231 So.2d 896
(1970). . . . We adopt the majority rule stated in 56 A.L.R.2d § 4, p. 306, to the effect that:
 " '. . . contractual agreements by which it is sought to limit particular causes of action which may arise in the future to a specified place, are held invalid.'
 "We consider contract provisions which attempt to limit the jurisdiction of the courts of this state to be invalid and unenforceable as being contrary to public policy. Parties may not confer jurisdiction by consent, nor may they limit the jurisdiction of a court by consent."
382 So.2d at 556.
Although Redwing Carriers, supra, dealt only with subject matter jurisdiction, the case of Keelean v. Central Bank of theSouth, 544 So.2d 153, 156 (Ala. 1989), expressly held "thatRedwing Carriers, supra, includes personal jurisdiction as well as subject matter jurisdiction."
We, therefore, hold that the forum selection clause in the present case is invalid.
 II.
We next determine whether in personam jurisdiction exists in the Mobile County Circuit Court over this nonresident defendant. The requirements for personal jurisdiction over nonresident defendants are set forth in Rule 4.2(a)(2), A.R.Civ.P.:
 "(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's
"(A) transacting any business in this state;
 "(B) contracting to supply services or goods in this state;
 "(C) causing tortious injury or damage by an act or omission in this state including but not limited to actions arising out of the ownership, operation or use of a motor vehicle, aircraft, boat or watercraft in this state;
 "(D) causing tortious injury or damage in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state; *Page 867 
 "(E) causing injury or damage in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such other person to use, consume, or be affected by the goods in this state, provided that the person also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
 "(F) having an interest in, using, or possessing real property in this state;
 "(G) contracting to insure any person, property, or risk located within this state at the time of contracting;
 "(H) living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising from alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state; or
 "(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States."
In Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228,2 L.Ed.2d 1283 (1958), the United States Supreme Court held that, for a state court to acquire personal jurisdiction over a nonresident defendant, that defendant must have sufficient contacts with the state. Keelean, supra, sets forth a two-part analysis for determining whether a court has personal jurisdiction over a nonresident defendant:
 "1) the determination of whether it is foreseeable to that nonresident defendant that he will be sued in this state; and
 2) the determination of the degree of contact that the nonresident defendant has with this state."
544 So.2d at 156-57.
As to the first part of the test, White-Spunner argues that it was foreseeable to Cliff that he would be sued in Alabama because the contract was entered into with an Alabama corporation. White-Spunner also argues that the forum selection clause in the two subcontracts provided "fair warning" of a possible suit in Alabama.
As to the second part of the test, White-Spunner argues that Cliff had sufficient contacts with Alabama, because he mailed a résumé into Alabama and made "four or five telephone solicitations" into Alabama.
We hold that it was not foreseeable under these facts that Cliff would be sued in Alabama; the contacts with Alabama were insufficient to establish personal jurisdiction here: the construction project was in Georgia and was developed by a Georgia business; the subcontracts were negotiated in Georgia and became effective upon receipt and execution by Cliff in Georgia; no goods, services, or payments to White-Spunner by Cliff went out of Georgia; and the direct consequences of any default by Cliff would be felt at the Georgia project site, not in Alabama.
"The fundamental question is, did the defendant act in such a manner that he reasonably ought to anticipate the direct consequences of his actions to be felt by another person residing in another state?" Ex parte Lord Son Const., Inc.,548 So.2d 456, 457 (Ala. 1989). By telephoning White-Spunner at White-Spunner's direction, Cliff did not act in such a manner.
We find that Cliff's dealings with White-Spunner are insufficient to establish the requisite sufficient contacts with Alabama. Thus, the Mobile Circuit Court correctly decided that it lacked in personam jurisdiction. *Page 868 
Because of our holding on these two issues, we need not address the issue of venue.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.