RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from the trial court’s order which granted a motion for summary judgment in favor of AmSouth Bank, N.A. (Bank) in the amount of $35,466.17, plus interest and costs.
This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). We reverse and remand.
Our review of the record reveals the following pertinent facts: In July 1987' L.R. Lindsey, a resident of Texas, executed a promissory note with the Bank. The execution of the promissory note and of certain other documents related to this transaction took place in Texas. The note evidenced a $70,000 loan, which Lindsey used to invest in a Tennessee limited partnership. The sole asset of the limited partnership was an apartment complex in Nashville, Tennessee. In this note Lindsey agreed to repay the loan in 16 equal semiannual installments, plus interest. Lindsey .defaulted under the terms of the promissory note when he failed to make the semiannual payment due December 1, 1992. The Bank filed suit against Lindsey. Lindsey, through his attorney, filed a motion to dismiss, alleging that the complaint failed *1304 to state a claim upon which relief could be granted and that the trial court lacked in personam jurisdiction over Lindsey. The trial court denied the motion.
The Bank filed a motion for summary judgment, with supporting documentation. The trial court scheduled a hearing on the Bank’s motion for summary judgment.
Thereafter, Lindsey filed the following documents with the court: a response to the Bank’s motion for summary judgment; a motion to dismiss or, in the alternative, a motion for summary judgment; Lindsey’s affidavit; a memorandum in support of the motion to dismiss or, in the alternative, a motion for summary judgment; and an answer to the Bank’s complaint. All of these documents focused on Lindsey’s assertion that the trial court lacked personal jurisdiction over him.
The trial court granted the motion for summary judgment in favor of the Bank.
Lindsey appeals, contending that the trial court lacked personal jurisdiction over him under Alabama’s long-arm statute and that, consequently, the trial court lacked the authority to enter a valid summary judgment in favor of the Bank.
The dispositive issue is whether the trial court had jurisdiction to enter the summary judgment in favor of the Bank.
We note that Rule 4.2(a)(2), A.R.Civ. P., sets out the basis for obtaining personal jurisdiction over nonresident defendants. Whether a court has personal jurisdiction over a nonresident defendant is a determination which must be made on a case-by-ease basis after considering all of the relevant facts and circumstances. Steel Processors, Inc. v. Sue’s Pumps, Inc. Rentals, 622 So.2d 910 (Ala.1993).
In Keelean v. Central Bank of the South, 544 So.2d 153, 156 (Ala.1989), our supreme court stated:
“Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), requires that a nonresident defendant have certain minimum contacts with a state in order for that state’s courts to acquire personal jurisdiction over that defendant. A twofold analysis is used in this state in determining whether personal jurisdiction exists over a nonresident defendant:
“1) the determination of whether it is foreseeable to that nonresident defendant that he will be sued in this state; and
“2) the determination of the degree of contact that the nonresident defendant has with this state.”
An essential inquiry in answering the first prong of this test is whether Lindsey acted in such a manner that he could reasonably anticipate that the direct consequences of his actions would be felt in Alabama. Steel Processors, Inc., 622 So.2d 910.
The Bank relies heavily on the result in Keelean, 544 So.2d 153. The Bank contends that Lindsey could have reasonably foreseen that his default on the promissory note would be felt in Alabama and that Lindsey could have reasonably anticipated that he could be called to defend himself in Alabama because he had utilized the economic resources of a bank whose principal place of business was in Birmingham, Alabama.
However, we would note that in Keelean, 544 So.2d 153, the nonresident defendants were aware that the borrowed funds had been obtained from an Alabama corporation. In his affidavit Lindsey states that when he executed the promissory note, he was unaware that the Bank’s principal place of business was located in Birmingham, Alabama.
It is the Bank’s position that when Lindsey executed the promissory note and the other documents related to this transaction, he knew that the terms of the note provided that he was to send the payments to the Bank’s office in Birmingham, Alabama, and that Alabama law would govern the note. The Bank contends that these particular provisions in the note were sufficient to provide Lindsey with fair warning that his default would have direct consequences in Alabama.
Lindsey stated the following in his affidavit: he has never physically been in the state of Alabama; he did not make any telephone calls to anyone in the state of Alabama regarding this particular loan transaction; all of the loan documents were executed in the state of Texas; and the proceeds from the *1305 loan were invested in a Tennessee limited partnership which has, as its sole asset, an apartment complex in Nashville, Tennessee. It appears that the only contact which Lindsey had with the state of Alabama occurred when he mailed the semiannual loan payments to the Birmingham, Alabama, address, which was provided in the promissory note.
However, merely making payments to an address in the forum state is not a sufficient contact to establish personal jurisdiction. Steel Processors, Inc., 622 So.2d 910. We also note that our supreme court has determined that forum selection clauses are invalid because parties may not confer or limit the jurisdiction of a court by consent. White-Spunner Construction, Inc. v. Cliff, 588 So.2d 865 (Ala.1991); Keelean, 544 So.2d 153.
In view of the above, we find that under the facts and circumstances of this particular case, the requisite sufficient contacts with the state of Alabama were not established. Thus, the trial court lacked in personam jurisdiction over Lindsey and could not enter an order granting the motion for summary judgment in favor of the Bank.
This judgment is due to be reversed and the cause remanded to the trial court for proceedings not inconsistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.