WRIGHT, Retired Appellate Judge.
This is the second time that these parties have been before this court. Godwin v. Bogart, 674 So.2d 606 (Ala.Civ.App.1995).
In 1991 Selena Godwin gave birth to a daughter, whose father is Robert Bogart. The mother and the child lived together until the mother’s death in 1993. After the mother’s death, Barbara Godwin, the maternal grandmother, filed a petition in the Pike County Circuit Court, seeking custody of the child. The trial court granted the maternal grandmother temporary custody of the child. Thereafter, the father; the maternal grandfather; and the paternal grandparents, Carl D. Bogart and Barbara G. Bogart, also sought custody of the child. In 1993, the paternal grandpar *452 ents, who are American citizens, were residents of Alabama.
In 1994 the paternal grandparents moved to England. On December 7, 1994, the Pike County Circuit Court entered a judgment, granting the father custody of the child. The court also granted the maternal grandparents and the paternal grandparents reasonable visitation rights, to be arranged through the father. Shortly thereafter, the father took the child to England to the paternal grandparents. The maternal grandmother appealed the trial court’s judgment, and this court affirmed that judgment. Godwin, supra.
On March 14, 1997, the maternal grandmother filed a petition to modify and for rule nisi, seeking specific visitation. On March 20, 1997, the Southampton County Court in England entered a “residence order” by consent that transferred custody of the child from the father to the paternal grandparents. On March 31, 1997, the maternal grandmother amended her petition, adding the paternal grandparents as defendants. On April 15, 1997, the paternal grandparents filed a motion to dismiss or, in the alternative, to transfer, alleging that they had been residents of the United Kingdom since 1994 and that the child had resided in the United Kingdom since 1994. The maternal grandmother filed a response in opposition to the motion to dismiss. She also filed a motion for temporary visitation.
On September 18, 1997, the trial court entered an order, stating, in pertinent part,
“[The paternal grandparents’] ‘Motion to Dismiss’ is granted. This court lacks jurisdiction over [the paternal grandparents,] who have legal custody of the child made the basis of this suit. [The father] no longer has custody of the child in question, as a court in the United Kingdom, [the] Southampton County Court, has awarded custody to [the paternal grandparents]. Therefore, the proper forum to litigate visitation is the Southampton County Court of the United Kingdom.
“This case is ordered dismissed for lack of jurisdiction.”
The maternal grandmother filed a motion to alter or amend the September 18, 1997, order, which the trial court denied.
The maternal grandmother appeals, contending that the trial court erred in holding that it lacked in personam and/or subject matter jurisdiction and in dismissing her petition to modify.

In Personam Jurisdiction

Rule 4.2(a)(2), Ala. R. Civ. P., sets forth the requirements for personal jurisdiction over a nonresident defendant, which provides as follows:
“Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person’s
“(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirements of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.”
“Whether a court has personal jurisdiction over a nonresident defendant must be determined on a case by case basis.” Steel Processors, Inc. v. Sue’s Pumps, Inc. Rentals, 622 So.2d 910, 911 (Ala.1993). Our supreme court has set forth a two-part analysis for determining whether an Alabama court has personal jurisdiction over a nonresident defendant:
“ T) the determination of whether it is foreseeable to that nonresident defen *453 dant that he will be sued in this state; and
“ ‘2) the determination of the degree of contact that the nonresident defendant has with this state.’ ”
Steel Processors, Inc., 622 So.2d at 912 (quoting Keelean v. Central Bank of the South, 544 So.2d 153, 156-57 (Ala.1989)).
Therefore, we must determine whether the paternal grandparents “had certain minimum contacts with this state so that the maintenance of this suit does not offend ‘traditional notions of fair play and substantial justice.’ ” Ex parte Brislawn, 443 So.2d 32, 33 (Ala.1983) (quoting Mann v. Frank Hrubetz & Co., 361 So.2d 1021, 1022 (Ala.1978)). Further, our supreme court has held that where general jurisdiction does not exist, a trial court may still exercise jurisdiction if the defendant has sufficient contacts with this state in relation to the cause of action. Ex parte J.R.W., 667 So.2d 74 (Ala.1994); Murray v. Alfab, Inc., 601 So.2d 878 (Ala.1992).
The record reveals that in December 1994, the father, after being awarded custody of the child, took the child to the paternal grandparents in England. The father continues to reside in Tuscaloosa, Alabama. The paternal grandparents admitted to the trial court, through their attorney, that they and the child return to Alabama at least twice a year and that they make the child available to the maternal grandparents for visitation. They also admitted that their visits to Alabama last approximately one month each time. The maternal grandmother has had visitation with the child, on average, seven to eight days per year.
The paternal grandparents accepted physical custody of the child, knowing that the jurisdiction and equity powers of the Pike County Circuit Court had been invoked to resolve a custody dispute between them, the father, the maternal grandfather, and the maternal grandmother. They also had knowledge that the Pike County Circuit Court awarded the maternal grandmother visitation rights with the child. While the paternal grandparents were visiting the father in Alabama, they were served with a copy of the maternal grandmother’s petition to modify.
Therefore, we conclude that the paternal grandparents’ activities and contacts with the State of Alabama regarding the child are such that the maintenance of the maternal grandmother’s petition does not offend traditional notions of fair play and substantial justice, and “under the circumstances, it is fair and reasonable to require the [paternal grandparents] to come to this state to defend [this] action.” Rule 4.2(a)(2)(I), Ala. R. Civ. P.; Ex parte J.R.W., supra.
We hold that the paternal grandparents have sufficient contacts with the State of Alabama regarding this action and that the trial court improperly held that it lacked in personam jurisdiction over the paternal grandparents.

Subject-matter Jurisdiction

The maternal grandmother contends that pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), §§ 30-3-20 through -44, Ala.Code 1975, the trial court had continuing jurisdiction over the custody of, and her visitation rights with, the child.
It is undisputed that in 1994 the Pike County Circuit Court had jurisdiction of the case and the parties when it decided the custody of the child. The UCCJA encourages continuing jurisdiction by a court that initially determined custody, as long as the court has not lost jurisdiction under § 30-3-23 or has declined jurisdiction. Pitts v. Sutter, 408 So.2d 105 (Ala.Civ.App.1981).
In this case the child does not have a “home state” within the meaning of the UCCJA. “Home state” is defined as “[t]he state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent, for at least six consecutive *454 months.... ” § 30-3-22(5), Ala.Code 1975. A “state” is defined as “[a]ny state, territory, or possession of the United States, the Commonwealth of Puerto Rico, and the District of Columbia.” § 30-3-22(10), Ala.Code 1975. Therefore, England or the United Kingdom is not a “state” within the meaning of Alabama’s version of the UCCJA. The child’s last “home state” was the State of Alabama. No other state would have jurisdiction over this child; therefore, the trial court has continuing jurisdiction over custody and visitation rights with the child. § 30-3 — 23(a)(4).
Although England or the United Kingdom is not a “state” within the definition of § 30-3-22(10), a custody decree of an English court is enforceable in Alabama “if reasonable notice and opportunity to be heard were given to all affected persons.” § 30-3-43. Six days after the maternal grandmother filed her petition, the Southampton County Court entered a “residence order” upon the consent of the father and the paternal grandparents. The record is devoid of any evidence that the maternal grandmother or the maternal grandfather received notice of the action in the Southampton County Court, or that they were afforded an opportunity to be heard. The trial court had not relinquished, or declined to exercise, jurisdiction on March 20,1997, the date the Southampton County Court entered its “residence order.” The timing of the “residence order” and the consent of the father evidences his intent to deny or to thwart the maternal grandmother’s visitation rights. Additionally, the timing of the action in the Southampton County Court also evidences the father’s collusion with the paternal grandparents to manipulate the English courts in an attempt to deprive the trial court of jurisdiction over the child and over the maternal grandmother’s request for specific visitation rights. Moreover, the paternal grandparents and the child were in the State of Alabama on April 8, 1997, and if the father had intended, in good faith, to relinquish custody of the child to the paternal grandparents, he could, at that time, have made the appropriate filing in the trial court. It is clear to this court that the father’s attempt to surrender custody of the child to the paternal grandparents was not in good faith when considering his immediate removal of the child from Alabama in 1994, after the trial court’s original decision, and his use of the English courts to attempt to deprive the trial court of jurisdiction. Accordingly, we conclude that the Southampton County Court’s consent “residence order” is not entitled to recognition under the UCCJA § 30-3-43. We further conclude that the trial court erred in holding that the Southampton County Court was the proper forum to litigate the maternal grandmother’s visitation rights.
We reverse the judgment of the trial court and remand the case for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.
CRAWLEY, J., recused.