723 So.2d 1263 (1998)
Ex parte PHASE III CONSTRUCTION, INC.
(In re Collins Signs, Inc.
v.
Phase III Construction, Inc.)
1971386.
Supreme Court of Alabama.
November 13, 1998.
Wade H. Baxley of Ramsey, Baxley & McDougle, Dothan, for petitioner.
Dow T. Huskey, Dothan, for respondent.
SHORES, Justice.
This petition for the writ of mandamus arises out of an oral contract between Phase III Construction, Inc. (a Virginia construction management corporation), which bargained with Collins Signs, Inc. (an Alabama sign-manufacturing corporation), for Collins Signs to manufacture signage and install it at a Waffle House restaurant in Virginia. On January 7, 1998, Collins filed a breach-of-contract action in the circuit court of Houston County, Alabama, against Phase III, alleging that it had failed to pay the contract price. On February 6, 1998, Phase III moved to dismiss the action for lack of personal jurisdiction; the trial court denied the motion to dismiss, on March 24, 1998.
Phase III petitions for a writ of mandamus (and, alternatively, for a writ of prohibition) directing Judge C. Lawson Little, of the Houston Circuit Court to show cause why he should not grant Phase III's motion to dismiss for lack of personal jurisdiction. "`Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'" Ex parte Mardis, 628 So.2d 605, 606 (Ala.1993), quoting Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990). "Because `mandamus is an extraordinary remedy, the standard of review for a writ of mandamus is whether there has been a clear abuse of discretion by the trial judge.'" Ex parte Mardis, 628 So.2d at 606, quoting Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987). The circuit court's order denying Phase III's motion to dismiss for lack of personal jurisdiction is an interlocutory order; therefore, a petition for the writ of *1264 mandamus is an appropriate means for Phase III to seek a remedy in this case. Ex parte Paul Maclean Land Services, Inc., 613 So.2d 1284, 1286 (Ala.1993), citing Ex parte Hartford Ins. Co., 394 So.2d 933 (Ala.1981).
Phase III argues that it does not have sufficient minimum contacts with the State of Alabama to confer on an Alabama court personal jurisdiction. In support of its motion to dismiss for lack of personal jurisdiction, Phase III filed with the circuit court the affidavit of Ree R. Ellis, president of Phase III. The affidavit states: (1) that Phase III is a Virginia corporation; (2) that it maintains its principal office in Virginia; (3) that it has never qualified to do business as a foreign corporation in the State of Alabama; (4) that it does not transact business, by agent or otherwise, in the State of Alabama; and (5) that it does not own property in the State of Alabama. The affidavit continues on to state that Phase III was referred to Collins by the corporate office of the company that operates Waffle House restaurants and that thereafter Phase III did in fact contact Collins, by telephone, to arrange the purchase and installation of certain signage for a Waffle House restaurant in Richmond, Virginia.
Phase III cites Ex parte Kamilewicz, 700 So.2d 340 (Ala.1997), and Ex parte United Bhd. of Carpenters, 688 So.2d 246 (Ala.1997), cert. denied, United Bhd. of Carpenters v. BE & K Constr. Co., ___ U.S. ___, 117 S.Ct. 2509, 138 L.Ed.2d 1012 (1997), as acknowledging that the constitutional touchstone that determines whether a state court can assert jurisdiction over a nonresident defendant remains whether the defendant purposefully established "minimum contacts" with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 318, 66 S.Ct. 154, 90 L.Ed. 95 (1945). This is recognized by the Alabama Rules of Civil Procedure. Rule 4.2, Ala.R.Civ.P., provides:
"(a) Basis for Out-of-State Service.
"(1) When Proper. Appropriate basis exists for service of process outside of this state upon a person in any action in this state when
"....
"(B) the person has sufficient contacts with this state, as set forth in subdivision (a)(2) of this rule, so that the prosecution of the action against the person in this state is not inconsistent with the constitution of this state or the Constitution of the United States....
"(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's
"(A) transacting any business in this state;
"....
"(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.
"(3) `Person' Defined. This term `person' as used herein includes ... a corporation...."
This Court has held that "[s]ervice of process under Rule 4.2(a)(2) [is] as far-reaching as due process permits." Ex parte Kamilewicz, 700 So.2d at 342.
As Ex parte Kamilewicz, notes, "`Few Alabama cases have specifically addressed the issue of what contacts will subject a defendant to the general jurisdiction of this state's courts, and those that have done so have focused on the activities of corporations seeking to avail themselves of profit in this state.'" 700 So.2d at 344, quoting Ex parte United Bhd. of Carpenters, supra, 688 So.2d at 250. When nonresident defendants have initiated contacts with this state solely for their own profit, availing themselves of the privileges of conducting business here, this Court has determined that such activities were sufficiently systematic and continuous to support a finding of general jurisdiction and has determined that it was fair and *1265 reasonable and thus consistent with the principles of due process to invoke such jurisdiction. See, e.g., Ex parte Newco Mfg. Co., 481 So.2d 867 (Ala.1985); Atlanta Auto Auction, Inc. v. G & G Auto Sales, Inc., 512 So.2d 1334 (Ala.1987). Phase III reminds us that in Steel Processors, Inc. v. Sue's Pumps, Inc. Rentals, 622 So.2d 910 (Ala.1993), this Court stated that "[t]he purchase of goods fabricated in a forum state, and of services provided by a resident corporation of a forum state, does not alone provide the requisite `minimum contacts' for exercise of personal jurisdiction within the bounds of due process." 622 So.2d at 913-14.
In support of its position that Phase III has sufficient minimum contacts to subject it to the jurisdiction of an Alabama court, Collins filed two affidavits from Barbara Tew, its "assistant vice president of program management." The first affidavit states that Collins Signs, at its place of business in Dothan, Alabama, had, "[i]n early 1996, ... received a telephone call from a representative of Phase III ..., requesting that Collins manufacture signage for Phase III's customer, Waffle House." Further, the affidavit states that Phase III's call to Collins was "unsolicited" and that it led to further contacts in which Phase III requested that Collins manufacture the signs at Collins's plant in Dothan, Alabama. In Tew's second affidavit, she summarized "some, but not all," of her contacts with Phase III. Tew's affidavit revealed the following 10 contacts between Phase III and Collins: (1) On March 8, 1996, Ellis telephoned Tew and requested information; (2) on March 18, 1996, Ellis telephoned Tew and discussed signage; (3) on March 20, 1996, Tew mailed Ellis the requested color renderings; (4) on March 21, 1996, Tew mailed Ellis pricing information; (5) on April 2, 1996, Tew mailed Ellis drawings of different signage; (6) on April 3, 1996, Ellis telephoned Tew and requested color renderings for a different-size sign and Tew mailed the requested information to Ellis; (7) on February 27, 1997, Ellis telephoned Tew and notified Tew that Ellis was sending drawings by facsimile transmission; Tew received the fax and subsequently received the originals by overnight delivery service; (8) on February 28, 1997, Ellis telephoned Tew to ask for pricing information and Tew faxed the requested information to Ellis; (9) on February 28, 1997, Ellis telephoned Tew and requested that Collins begin manufacturing the signage; and (10) on March 21, 1997, Ellis telephoned Tew regarding the site plan and permits and discussed the signage installation; this information was later sent to Collins, by Phase III, via fax.
Tew's second affidavit further states that, at Phase III's request, Collins shipped the signage from Dothan, Alabama, to Richmond, Virginia, for installation and that, thereafter, Collins invoiced Phase III for the work. Finally, Tew's second affidavit states that on September 9, 1997, Phase III sent Collins a partial payment in the amount of $8,132.33.
We cannot hold that the trial judge clearly abused his discretion in concluding that, because Collins's breach-of-contract action arises from Phase III's contacts with Alabama, it is fair and reasonable to require Phase III to come into Alabama and defend this action. Phase III initiated its contacts with this State solely for its own profit, availing itself of the privileges of conducting business here. While Phase III contends that it was merely referred to Alabama by the national office of the Waffle House company, it does not dispute that it did order the manufacture and installation of a Waffle House sign in order to complete its contract with Waffle House in Virginia. This is far more than the simple purchase of goods fabricated in a forum state. Phase III's activities were sufficiently systematic and continuous to support a finding of general jurisdiction. Therefore, it was fair and reasonable to invoke such jurisdiction. Ex parte United Bhd. of Carpenters, 688 So.2d at 252, citing Ex parte Newco Mfg. Co. and Atlanta Auto Auction, Inc. v. G & G Auto Sales, Inc., supra.
WRIT DENIED.
ALMON, HOUSTON, KENNEDY, and COOK, JJ., concur.
MADDOX, SEE, and LYONS, JJ., concur in the result.
*1266 LYONS, Justice (concurring in the result).
I concur in the result only, because I do not think we can characterize the relation of Phase III to Alabama as one giving rise to "general jurisdiction." General jurisdiction requires "systematic and continuous" contacts with the forum state. All of Phase III's contacts with Alabama specifically relate to the one and only transaction it conducted with an Alabama corporation. Therefore, if Alabama courts have jurisdiction over Phase III, that jurisdiction must be specific.
The Due Process Clause provides: "No State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court of the United States has interpreted the guaranty of "due process of law" to require that a nonresident defendant have "certain minimum contacts" with a state before that party can be subjected to a lawsuit in the courts of that state. International Shoe Co. v. Washington, 326 U.S. 310, 316, 318, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (stating that a defendant must have "sufficient contacts" with the forum state to establish that he purposely availed himself of the benefits and protections of the forum state); accord, Ex parte United Brotherhood of Carpenters, 688 So.2d 246, 250 (Ala.1997) (citing International Shoe, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95); Rule 4.2(a)(2)(I), Ala. R. Civ. P.
Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. General contacts, which give rise to general personal jurisdiction, consist of the defendant's contacts with the forum state that are unrelated to the cause of action and that are both "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Ex parte Kamilewicz, 700 So.2d 340 (Ala.1997); Ex parte Newco Mfg. Co., 481 So.2d 867 (Ala.1985). Specific contacts, which give rise to specific personal jurisdiction, consist of the defendant's contacts with the forum state that are related to the cause of action. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. Id.
In cases involving specific jurisdiction, we must determine whether the action arose from the defendant's contacts with the forum state. See Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc., 786 F.2d 1055, 1057 (11th Cir.1986). In doing so, we "must consider the `relationship among the defendant, the forum, and the litigation' to determine whether the exercise of jurisdiction [would be] consistent with due process." Id. at 1057, quoting Shaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). This Court has recognized that "[f]ederal courts have held that, in the absence of other factors tending to support [a finding of] jurisdiction, `a mere one-time purchaser of goods from a seller in a forum state cannot be constitutionally subject to the exercise of personal jurisdiction by the courts of the forum state.'" Steel Processors, Inc. v. Sue's Pumps, Inc. Rentals, 622 So.2d 910, 913 (Ala.1993), quoting Borg-Warner, supra, 786 F.2d at 1059. However, I believe this present case is distinguishable from Steel Processors because the evidence in this present case indicates that "other factors tending to support jurisdiction" are present.
The evidence indicates that Phase III initiated all contacts with Collins Signs, which had its place of business in Alabama. Phase III solicited business from Collins Signs and requested that Collins Signs manufacture the desired signage. These contacts are sufficient to support an Alabama court's exercise of personal jurisdiction over Phase III. By contacting Collins Signs, without any solicitation by Collins Signs, Phase III purposefully availed itself of the privileges of conducting business within Alabama. See Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) (stating that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State.").
Furthermore, other courts have recognized that the defendant's solicitation of business, *1267 and the completion of that business, in the forum state constitute sufficient contacts for the forum state to exercise personal jurisdiction over the defendant. See, e.g., Cancun Adventure Tours, Inc. v. Underwater Designer Co., 862 F.2d 1044 (4th Cir.1988) (holding that a nonresident seller's solicitation to induce the buyer to purchase goods was sufficient); Alchemie Int'l, Inc. v. Metal World, Inc., 523 F.Supp. 1039 (D.N.J.1981). Last, the United States Supreme Court has held that a defendant's one-time solicitation of business in the forum state is sufficient grounds for the exercise of personal jurisdiction over the defendant. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).
Accordingly, I concur in the result. Alabama has jurisdiction over Phase III, but that jurisdiction is specific jurisdictionnot the general jurisdiction the majority finds. The majority cites Ex parte United Brotherhood of Carpenters, 688 So.2d 246 (Ala.1997), and Ex parte Newco Mfg. Co., 481 So.2d 867 (Ala.1985), as supporting a conclusion that general jurisdiction exists in this case. 723 So.2d at 1264. However, in each of those cases, this Court based its conclusion on the defendant's multiple transactions in Alabama, not multiple contacts related to the same transaction from which the cause of action arose. See Brotherhood of Carpenters, 688 So.2d at 252 (discussing unrelated contacts with Alabama that were continuous and systematic); Newco, 481 So.2d at 869 ("[T]he instant lawsuit does not relate to or arise from [the defendant's] contacts with Alabama; therefore, [the defendant] is not subject to `specific' jurisdiction in Alabama."). In any event, because the contacts in this case are directly related to the cause of action, the contacts give rise to specific personal jurisdiction.
MADDOX and SEE, JJ., concur.