I concur in the result only, because I do not think we can characterize the relation of Phase III to Alabama as one giving rise to "general jurisdiction." General jurisdiction requires "systematic and continuous" contacts with the forum state. All of Phase III's contacts with Alabama specifically relate to the one and only transaction it conducted with an Alabama corporation. Therefore, if Alabama courts have jurisdiction over Phase III, that jurisdiction must be specific.
The Due Process Clause provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court of the United States has interpreted the guaranty of "due process of law" to require that a nonresident defendant have "certain minimum contacts" with a state before that party can be subjected to a lawsuit in the courts of that state. International Shoe Co.v. Washington, 326 U.S. 310, 316, 318, 66 S.Ct. 154, 90 L.Ed. 95
(1945) (stating that a defendant must have "sufficient contacts" with the forum state to establish that he purposely availed himself of the benefits and protections of the forum state); accord, Ex parte United Brotherhood of Carpenters, 688 So.2d 246,250 (Ala. 1997) (citingInternational Shoe, 326 U.S. 310,66 S. Ct. 154, 90 L.Ed. 95); Rule 4.2 (a) (2) (I), Ala. R. Civ. P.
Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. General contacts, which give rise to general personal jurisdiction, consist of the defendant's contacts with the forum state that are unrelated to the cause of action and that are both "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v.Hall, 466 U.S. 408, 414 n. 9, 415, 104 S.Ct. 1868,80 L.Ed.2d 404 (1984); World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286,100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Ex parte Kamilewicz,700 So.2d 340 (Ala. 1997); Ex parte Newco Mfg. Co., 481 So.2d 867
(Ala. 1985). Specific contacts, which give rise to specific personal jurisdiction, consist of the defendant's contacts with state that are related to the cause Burger King Corp. v.Rudzewicz, 471 U.S. 462, 472-75, 105 S.Ct. 2174, 85 L.Ed.2d 528
(1985). Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. Id.
In cases involving specific jurisdiction, we must determine whether the action arose from the defendant's contacts with the forum state. See Borg-Warner Acceptance Corp. v. Lovett Tharpe,Inc., 786 F.2d 1055, 1057 (llth Cir. 1986). In doing so, we "must consider the `relationship among the defendant, the forum, and the litigation' to determine whether the exercise of jurisdiction [would be] consistent with due process." Id at 1057, quotingShaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569,53 L.Ed.2d 683 (1977). This Court has recognized that "[federal courts have held that, in the absence of other factors tending to support [a finding of] jurisdiction, `a mere one-time purchaser of goods from a seller in a forum state cannot be constitutionally subject to the exercise of personal jurisdiction by the courts of the forum state.'" Steel Processors, Inc. v. Sue's Pumps, Inc.Rentals, 622 So.2d 910, 913 (Ala. 1993), quoting Borg-Warner, supra, 786 F.2d at 1059. However, I believe this present case is distinguishable from Steel Processors because the evidence in this present case indicates that "other factors tending to support jurisdiction" are present.
The evidence indicates that Phase III initiated all contacts with Collins Signs, which had its place of business in Alabama. Phase III solicited business from Collins Signs and requested that Collins Signs manufacture the desired signage. These contacts are sufficient to support an Alabama court's exercise of personal jurisdiction over Phase III. By contacting Collins Signs, without any solicitation by Collins Signs, Phase III purposefully availed itself of the privileges of conducting business within Alabama. See Hanson v. Denckla, 357 U.S. 235,253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) (stating that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State.").
Furthermore, other courts have recognized that the defendant's solicitation of business, *Page 1267 
and the completion of that business, in the forum state constitute sufficient contacts for the forum state to exercise personal jurisdiction over the defendant. See, e.g., CancunAdventure Tours, Inc. v. Underwater Designer Co., 862 F.2d 1044
(4th Cir. 1988) (holding that a nonresident seller's solicitation to induce the buyer to purchase goods was sufficient); AlchemieInt'l, Inc. v. Metal World, Inc., 523 F. Supp. 1039 (D.N.J. 1981). Last, the United States Supreme Court has held that a defendant's one-time solicitation of business in the forum state is sufficient grounds for the exercise of personal jurisdiction over the defendant. McGee v. International Life Ins. Co.,355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).
Accordingly, I concur in the result. Alabama has jurisdiction over Phase III, but that jurisdiction is specific jurisdiction — not the general jurisdiction the majority finds. The majority cites Ex parte United Brotherhood of Carpenters,688 So.2d 246 (Ala. 1997), and Ex parte Newco Mfg. Co., 481 So.2d 867
(Ala. 1985), as supporting a conclusion that general jurisdiction exists in this case. So.2d at. However, in each of those cases, this Court based its conclusion on the defendant's multiple transactions in Alabama, not multiple contacts related to the same transaction from which the cause of action arose. SeeBrotherhood of Carpenters, 688 So.2d at 252 (discussing unrelated contacts with Alabama that were continuous and systematic); Newco, 481 So.2d at 869 ("[T]he instant lawsuit does not relate to or arise from [the defendant's] contacts with Alabama; therefore, [the defendant] is not subject to `specific' jurisdiction in Alabama."). In any event, because the contacts in this case are directly related to the cause of action, the contacts give rise to specific personal jurisdiction.
MADDOX and SEE, JJ., concur.