548 So.2d 456 (1989)
Ex parte LORD & SON CONSTRUCTION, INC., a Florida corporation.
(In re ALABAMA ELECTRICAL WHOLESALERS, INC., an Alabama corporation v. LORD & SON CONSTRUCTION, INC., a Florida corporation and State Electric Service, Inc., a Florida corporation).
88-692.
Supreme Court of Alabama.
July 21, 1989.
Charles H. McDougle, Jr. of Ramsey, Baxley & McDougle, Dothan, for petitioner.
Edward M. Price, Jr. of Farmer, Price, Smith & Weatherford, Dothan, for respondents.
PER CURIAM.
Lord & Son Construction, Inc. ("Lord & Son"), seeks a writ of mandamus directed to the Honorable Denny L. Holloway, Circuit Judge for the Twentieth Judicial Circuit of Alabama, ordering him to quash the return of service of the summons based on lack of personal jurisdiction.
State Electric Service, Inc. ("State Electric"), a Florida subcontractor, contracted with Lord & Son, a general contractor incorporated in Florida, to do the electrical installation on the juvenile detention center construction project in Panama City, Florida, for which Alabama Electrical Wholesalers, Inc. ("Alabama Electrical"), an Alabama corporation, supplied the electrical materials. Pursuant to a request from Alabama Electrical, the president of State Electric wrote Lord & Son and asked that checks jointly payable to it and Alabama *457 Electrical be issued until the project was fully paid.
Thereafter, Lord & Son issued several such jointly payable checks; however, it subsequently wrote a check payable to State Electric alone, representing the balance due. After a written inquiry by Alabama Electrical concerning this, the president of Lord & Son wrote Alabama Electrical, stating, "I have reviewed the past due bill owed to you by State Electric on one of your jobs.... If ... this matter [is not resolved] by the 25th of April, Lord & Son will do so not later than 30 April 88."
Alabama Electrical sued State Electric for its failure to pay and sued Lord & Son for breach of its alleged agreement to issue joint checks. Lord & Son's motion to dismiss for lack of personal jurisdiction was denied and is the basis of its petition for writ of mandamus.
The pivotal issue is whether Lord & Son has sufficient contacts with Alabama for our "long arm" rule to apply and establish personal jurisdiction. Lord & Son argues that because it has no corporate offices in Alabama, does not advertise or solicit business in this state, has no bank accounts or mailing addresses in Alabama, and does not maintain any telephone listings here, there is no evidence of the minimum contacts necessary for jurisdiction.[1] It further argues that there was no agreement between it and Alabama Electrical to issue only joint checks.
From the correspondence among all three parties, it appears that this is not the case. Rather, by issuing checks payable jointly to Alabama Electrical and State Electric, Lord & Son constructively agreed to the proposed arrangement; its acquiescence to the agreement is evidenced by the checks themselves. Moreover, by its letter to Alabama Electrical acknowledging State Electric's past due bill and promising to resolve the matter no later than April 30, 1988, Lord & Son voluntarily undertook responsibility for payment to Alabama Electrical of the balance due.
These actions by Lord & Son are sufficient indications that it could reasonably have anticipated being sued in Alabama. "`[T]he foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.'" Alabama Waterproofing Co. v. Hanby, 431 So.2d 141, 146 (Ala.1983) (citations omitted). See, also, Garrett v. Key Ford, 403 So.2d 923 (Ala.Civ.App.1981).
We find that Lord & Son's dealings with Alabama Electrical are sufficient to establish the requisite minimum contacts. "The fundamental question is, did the defendant act in such a manner that he reasonably ought to anticipate the direct consequences of his actions to be felt by another person residing in another state?" Duke v. Young, 496 So.2d 37, 39 (Ala.1986). Here, the very heart of Alabama Electrical's complaint is Lord & Son's failure to pay as arranged. Thus, the trial court correctly found personal jurisdiction over Lord & Son and appropriately denied the motion to dismiss.
WRIT DENIED.
JONES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
HORNSBY, C.J., concurs specially.
HORNSBY, Chief Justice (concurring specially).
I agree that the writ is due to be denied. Plaintiff's claim is based on an alleged contract with the defendant. For the purposes of the decision as to whether there is personal jurisdiction, we must assume that there is a contract. The assertion of personal jurisdiction arises out of the defendant's conduct that relates to that contract; therefore, the forum seeks to assert "specific jurisdiction" over the out-of-state defendant.[2]Burger King Corp. v. Rudzewicz, *458 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In determining whether Florida had personal jurisdiction over a Michigan resident with respect to a claim arising from the breach of a franchise agreement, the court noted:
"Jurisdiction is proper, ... where the contacts proximately result from actions by the defendant himself that create a `substantial connection' with the forum State. McGee v. International Life Insurance Co., supra, 355 U.S. [220], at 223, 78 S.Ct. [199] at 201 [2 L.Ed.2d 223 (1957)]; see also Kulko v. California Superior Court, supra, 436 U.S. [84], at 94, n. 7, 98 S.Ct. [1690] at 1698, n. 7 [56 L.Ed.2d 132 (1978)]. Thus where the defendant `deliberately' has engaged in significant activities within the State, Keeton v. Hustler Magazine, Inc., supra, 465 U.S. [770], at 781, 104 S.Ct. [1473] at 1481 [79 L.Ed.2d 790 (1984) ], or has created `continuing obligations' between himself and residents of the forum, Travelers Health Ass'n. v. Virginia, 339 U.S. [643], at 648, 70 S.Ct. [927] at 929 [94 L.Ed. 1154 (1950) ], he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by `the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.
"Jurisdiction in these circumstances may not be avoided merely because the defendant did not physically enter the forum State. Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are `purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there."
Id. 471 U.S. at 475, 476, 105 S.Ct. at 2183, 2184 (citations omitted). Footnote 18 in Burger King specifically states that a single act can support jurisdiction. See also Georgia R.R. Bank & Trust Co. v. Barton, 169 Ga.App. 821, 315 S.E.2d 17 (1984) (execution of note by resident of South Carolina and Georgia Bank is sufficient to create jurisdiction in Georgia). Here the petitioner allegedly entered into a contract with an entity that is obviously a resident of Alabama. Pursuant to that contract, the petitioner did send to the respondent in Alabama two checks made jointly payable, apparently as requested. This suit arises out of an alleged breach of that contract. It is not unreasonable for petitioner to submit to the burdens of litigation in this state.
Petitioner cites Delro Industries, Inc. v. Evans, 514 So.2d 976 (Ala.1987), in support of his claim. In Delro, this Court did hold that Massachusetts did not have personal jurisdiction over an Alabama resident who entered into a guaranty agreement with a Massachusetts corporation with respect to a suit over the breach of the guaranty agreement. We have long held that our long arm rule extends as far as constitutionally permissible. Bryant v. Ceat S.P.A., 406 So.2d 376 (Ala.1981). In light of the decisions in Burger King and in this case, the validity of Delro is called into grave doubt.
I agree that Alabama does have personal jurisdiction with respect to Lord & Son and, therefore, that the writ is properly denied.
NOTES
[1] Lord & Son had performed a contract on one military installation here prior to the present controversy, but that work is unrelated to this case.
[2] The defendant did perform work on a military installation in Alabama pursuant to an unrelated contract. Otherwise, no other contacts with Alabama are reflected in the limited record.