PETITION FOR WRIT OF MANDAMUS
This petition for a writ of mandamus arises out of a contract between Kenco Signs Awning Division, Inc. (a Florida corporation engaged in the business of manufacturing signs), and CDC of Dothan, L.L.C. d/b/a TGI Fridays. Pursuant to the contract, Kenco was to manufacture, deliver, and install signage on the TGI Fridays restaurant in Dothan. The agreed-upon purchase price of the signage was $32,952; the payment terms of the contract called for CDC to pay a deposit of 50% of the purchase price; to pay 30% of the purchase price before installation of the signage; and to pay the balance upon job completion. The contract also contained a forum-selection clause providing that any lawsuit between the contracting parties, arising from the contract, would be litigated in Volusia County, Florida.
CDC tendered the deposit to Kenco in Dothan. A dispute arose over the installation *Page 1021 
of the signage and CDC refused to pay Kenco the balance owed under the contract. Kenco sued CDC in the Circuit Court of Volusia County, Florida, on March 8, 1998, alleging a breach of contract and seeking damages of $2,556.85, plus interest and an attorney fee. CDC did not answer or otherwise appear in the Florida court to defend the action. On May 7, 1998, the Florida court entered a final default judgment against CDC for $3,512.65, including interest, costs, and an attorney fee.
On August 3, 1998, Kenco sued in the Circuit Court of Houston County, Alabama, to domesticate and enforce the foreign judgment, pursuant to the Uniform Enforcement of Foreign Judgments Act, § 6-9-230 et seq., Ala. Code 1975. On August 19, 1998, CDC moved to have the foreign judgment set aside, contending that the Florida court lacked in personam jurisdiction to enter a judgment against it. CDC also counterclaimed against Kenco, alleging breach of contract and negligence. The court, on August 20, 1998, entered an order on the case action summary sheet granting CDC's motion to set aside the foreign judgment.
On August 25, 1998, Kenco moved the court to reconsider its order setting aside the foreign judgment. The court denied Kenco's motion on August 28, 1998, and set October 14, 1998, as the date for trial of CDC's counterclaims. On September 1, 1998, Kenco again filed a "motion to reconsider," and requested a hearing on its motion. On September 2, 1998, the court entered an order setting Kenco's "motion to reconsider" for a hearing on September 14, 1998. On September 3, 1998, CDC answered Kenco's complaint to domesticate and enforce the foreign judgment. On September 4, 1998, Kenco moved to strike CDC's counterclaims and answer. The court set Kenco's motion to strike the counterclaims and answer for a hearing with the pending "motion to reconsider" on September 14, 1998. The court, on September 28, 1998, entered an order denying Kenco's "motion to reconsider," finding that the Florida court had lacked in personam jurisdiction over CDC, because, it said, CDC did not have sufficient contacts with Florida to constitutionally permit the Florida court to exercise jurisdiction over CDC. The court also denied Kenco's motion to strike CDC's counterclaims and answer.
Kenco petitions this court for a writ of mandamus directing the Circuit Court of Houston County to domesticate and enforce the Florida judgment; to strike CDC's counterclaims; and to award Kenco a postjudgment attorney fee, interest, and costs.
 "`Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"
Ex parte Mardis, 628 So.2d 605, 606 (Ala. 1993), quoting Ex parteBen-Acadia, Ltd., 566 So.2d 486, 488 (Ala. 1990). "Because `mandamus is an extraordinary remedy, the standard of review for a writ of mandamus is whether there has been a clear abuse of discretion by the trial judge.'" Ex parte Mardis, supra, at 606, quoting Ex parte Rudolph, 515 So.2d 704, 706 (Ala. 1987). A petition for the writ of mandamus is an appropriate means for Kenco to seek a remedy, because of the procedural posture of this case. "[A]n order granting a motion to set aside a default judgment and proceed to trial is interlocutory and not appealable." Fisher v. Bush, 377 So.2d 968, at 968 (Ala. 1979). Review of interlocutory orders is achieved not by an appeal, but rather by a petition for the writ of mandamus. Roark v. Bell,716 So.2d 1245 (Ala.Civ.App. 1998).
Both parties concede that the Florida judgment is not enforceable in Alabama if CDC was not subject to jurisdiction in Florida. Kenco argues that the Florida *Page 1022 
court had in personam jurisdiction over CDC and that its judgment against CDC is entitled to be enforced by the Alabama court, under the Full Faith and Credit Clause of the United States Constitution. This court has stated:
 "If the court of another state has personal and subject matter jurisdiction over an individual and enters judgment accordingly, that judgment is entitled to full faith and credit in the courts of this state. Tongue, Brooks, Co. v. Walser, 410 So.2d 89
(Ala.Civ.App. 1982); U.S. Const. art IV, § 1. The effect and the validity of the foreign judgment are determined by the law of the rendering state. Morse v. Morse, 394 So.2d 950 (Ala. 1981).
 "When the judgment of a foreign state is properly produced at trial and verified, it is presumed that the rendering court had jurisdiction to enter the judgment. Teng v. Diplomat Nat'l Bank, 431 So.2d 1202 (Ala. 1983). The party challenging the foreign judgment on jurisdictional grounds has the burden to produce evidence to overcome the presumption. Teng."
Century International Management v. Gonzalez, 601 So.2d 105, 107
(Ala.Civ.App. 1992).
CDC argues that the Florida court did not have in personam jurisdiction over it and, therefore, that that court's judgment is void and not entitled to be enforced by the Alabama court. Initially, we must determine whether CDC waived its lack-of-jurisdiction argument by failing to appear and raise that issue in the Florida court. Kenco argues that, under Florida law, CDC, by failing to appear and contest jurisdiction, waived lack of jurisdiction as a defense. In support of its argument, Kenco cites Rule 1.140(h)(1), Florida Rules of Civil Procedure, which provides that the defense of lack of in personam jurisdiction is waived unless it is asserted in a responsive pleading or by motion, at the option of the pleader. We find this unpersuasive. Under Florida law, the defense of lack of in personam jurisdiction to support a foreign judgment may be asserted, at the choice of the defendant, either where the action is first filed or, as an original matter, in the subsequent state where the plaintiff seeks to enforce the judgment. See Riskin v. Miklos, 569 So.2d 940
(Fla.Dist.Ct.App. 1990).
In Best Form, Inc. v. Richards Products, Inc., 631 So.2d 1123
(Fla.Dist.Ct.App. 1994), a Minnesota corporation sued two foreign corporations in a Minnesota court. The foreign corporations did not enter an appearance in the Minnesota court and suffered a default judgment. The Minnesota corporation then sought to enforce the judgment in Florida. The Third District Court of Appeals of Florida held that because the defendants did not appear in the Minnesota court and raise the issue of lack of in personam jurisdiction and, thus, had not litigated that issue, they were entitled to raise that issue in the Florida court. Id.; see also Wellington v. Department of Revenue, 708 So.2d 1040
(Fla.Dist.Ct.App. 1998).[1] Accordingly, we conclude that CDC did not waive the defense of lack of in personam jurisdiction by failing to appear and raise the issue in the Florida court, and that CDC was entitled to raise the defense in the Alabama court.
We next must determine whether the Florida court had in personam jurisdiction over CDC. For a Florida court to have in personam jurisdiction over a nonresident defendant, that defendant must have performed one of the acts enumerated in the Florida long-arm statute and must also have sufficient contacts with Florida to satisfy the requirements of the Due Process Clause of the 14th Amendment of the United States Constitution. VenetianSalami Co. v. Parthenais, 554 So.2d 499 *Page 1023 
(Fla. 1989).[2] The test for determining whether a state court can assert jurisdiction over a nonresident defendant is the "minimum contacts" test set forth by the United States Supreme Court inInternational Shoe Co. v. Washington, 326 U.S. 310 (1945).
 "In International Shoe, the United States Supreme Court stated that to subject a defendant to personal jurisdiction when that person is not present within the territory of the forum, due process requires the defendant to have `certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' 326 U.S. at 316, 66 S.Ct. 154; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). . . . The `constitutional touchstone' of this analysis is whether a defendant `purposely avail[ed] itself of the privilege of conducting activities' within the forum state. Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct 1228, 2 L.Ed.2d 1283 (1958), thereby invoking `the benefits and protections of the laws of that state.' International Shoe, 326 U.S. at 319, 66 S.Ct. 154; Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). . . . "Florida courts have recognized that the `single most important factor to consider' in the analysis of due process under International Shoe is whether the defendant's conduct with respect to the forum state is such that the defendant `should reasonably anticipate being haled into court there.' Silver v. Levinson, 648 So.2d 240, 242-43 (Fla. 4th DCA 1994)."
Gibbons v. Brown, 716 So.2d 868, 871 (Fla.Dist.Ct.App. 1998).
Kenco argues that the following facts support a finding of sufficient contacts under International Shoe and necessarily confer jurisdiction upon the Florida court: (1) the signage was manufactured in Florida; (2) the signage was to be delivered from Florida to Alabama; and (3) upon delivery of the signage from Florida to Alabama, Kenco installed the signage on the restaurant. CDC provided the court with the affidavit of Steve Glover, the managing member of CDC, which states (1) that Kenco came to Alabama to solicit CDC's business, (2) that CDC undertook no activities in Florida with regard to the contract, (3) that all contract discussions occurred in Alabama, (4) that payment occurred in Alabama, (5) that CDC does not do business in Florida or maintain any employees or offices in Florida, (6) that CDC had had no contact in the past with Florida, and (7) that CDC had never considered that it might be sued in Florida.
We note that CDC has no agents or employees in Florida and does not engage in, or solicit, business in Florida. CDC did not "purposely avail itself of the privilege of conducting activities" within the state of Florida so as to thereby invoke "the benefits and protections of the laws of that state".Gibbons, supra, at 871. The record indicates that Kenco solicited business from CDC to manufacture and install signage on CDC's restaurant in Alabama. Kenco does not dispute that it came to Alabama to solicit business from CDC. Further, under Florida law, the fact that CDC entered into a contract with Kenco to purchase signage does not establish the required contacts with Florida, in light of the fact that CDC does not have a presence in, or otherwise transact business in, Florida. The Third District Court of Appeals of Florida has stated:
 "The fact that [the defendant] ordered goods from a Florida corporation is not *Page 1024 
sufficient to establish minimum contacts with Florida so as to allow [the defendant] to be sued in Florida. In Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the Supreme Court found that a contract alone was not sufficient to establish minimum contacts with the forum state so as to allow the out-of-state party to be sued in the forum state."
Alan Richard Textiles, Ltd. v. Vertilux, Inc., 627 So.2d 529, 530
(Fla.Dist.Ct.App. 1993). The Florida courts have consistently held that a nonresident's mere purchase of goods within Florida, without more, is insufficient to satisfy the due-process requirement of minimum contacts. See Bruzzone Roldos v.Americargo Lines, Inc., 698 So.2d 1368 (Fla.Dist.Ct.App. 1997), and the cases cited therein.
The record indicates that CDC tendered the deposit to Kenco in Dothan; however, the contract is silent as to where the unpaid balance of the contract was to be paid. Because it is not clear from the record whether the parties had reached an agreement as to where the balance owed was to be paid, Florida law requires this court to presume that payment was to be made where Kenco is located. O'Brien Glass Co. v. Miami Wall Systems, Inc.,645 So.2d 142 (Fla.Dist.Ct.App. 1994). Thus, we assume that the payment of the balance of the contract was to be sent to Volusia County, Florida, where Kenco had its principal place of business. However, the fact that the balance of the contract was to be paid in Florida is not a sufficient contact with that state to confer in personam jurisdiction upon a Florida court. "`[T]he mere failure to pay money in Florida, standing alone, will not suffice to obtain jurisdiction over a nonresident defendant.'" Id., at 144, quoting Venetian Salami Co., supra, 554 So.2d at 503.
Finally, we note that the contract contained a forum-selection clause, which designated Volusia County, Florida, should litigation arise between the parties. The forum-selection clause, however, cannot operate as the sole basis for a Florida court to exercise in personam jurisdiction over CDC. McRae v. J.D./M.D.,Inc., 511 So.2d 540 (Fla. 1987). For the forum-selection clause to be enforceable, there must exist another independent ground for Florida to assert jurisdiction upon CDC, and, as previously discussed, no other grounds exist in this case.
The facts of this case and the law of Florida make it clear that CDC did not have sufficient contacts with Florida to permit Kenco to sue CDC in Florida. Therefore, we must conclude that the trial court did not abuse its discretion in setting aside the default judgment and denying Kenco's motion to reconsider.
WRIT DENIED.
Robertson, P.J., and Monroe and Crawley, JJ., concur.
Thompson, J., concurs in the result.
[1] We note that Alabama law is in accord with the Florida law on this issue. See Alston Electric Supply Co. v. AlabamaElectrical Wholesalers, Inc., 586 So.2d 10 (Ala.Civ.App. 1991);Haas-Phillips Produce Co v Lee Edwards, 205 Ala. 137, 87 So. 200
(1920).
[2] Neither party has addressed the question whether CDC performed any act that is enumerated in the Florida long-arm statute. Therefore, for purposes of considering this mandamus petition, we will assume, without deciding that the first requirement was met, and since it would have been the petitioner's duty to show it was not met, we will address only the issue of whether CDC had the requisite contacts with Florida to subject it to jurisdiction there.