ROBERTSON, Presiding Judge.
Harriet E. Golden sued James O. Golden on March 19, 1999, alleging breach of contract, misrepresentation, and fraudulent suppression. These parties had once been married to each other. We will refer to Harriet Golden as “the wife” and James Golden as “the husband.” The husband filed a motion to dismiss the complaint on the ground of lack of personal jurisdiction; the trial court denied the motion. The husband filed a motion asking the trial *120 court to reconsider its denial; thatmotion was argued before the trial court on the issue of personal jurisdiction on October 13,1999.
On November 29, 1999, the trial court entered a judgment against the husband. In pertinent part, that judgment states:
“On October 13, 1999, attorneys for both Mr. Golden and Ms. Golden appeared before the Court and the Court received arguments of counsel for the second time on this issue of personal jurisdiction. After careful consideration of the arguments of counsel and the evidence and briefs presented to the Court, the Court again finds that it has personal jurisdiction over Mr. Golden. Therefore, it is hereby ORDERED that the Motion to Reconsider as filed by [Mr. Golden] is due to be and is hereby DENIED.
“At the conclusion of the hearing on Mr. Golden’s Motion to Reconsider, Mr. Golden’s attorney indicated to the Court that he had been instructed to allow Ms. Golden to take a default judgment against [Mr. Golden]. At this time, Ms. Golden’s counsel orally moved for a default judgment in favor of Ms. Golden and against Mr. Golden.
“The Court notes that on August 20 and 23, 1999, [Ms. Golden] served discovery requests on Mr. Golden. The Court further notes that on August 20, 1999, [Ms. Golden] noticed the deposition of Mr. Golden for September 28, 1999, after attempting unsuccessfully on several occasions to obtain convenient dates for Mr. Golden’s deposition from Mr. Golden’s counsel. The parties do not dispute that the defendant failed to appear for the deposition, and has failed to answer a single discovery request. Last, the Court notes that Mr. Golden failed to appear on the trial date of this matter.
“Based on the foregoing, pursuant to Rule 55 of the Alabama Rules of Civil Procedure, the Court finds that a default judgment should be entered in favor of plaintiff Harriet E. Golden and against defendant James 0. Golden. Ms. Golden has submitted an affidavit to support her claim for damages in this matter, which the Court has attached to this order. Based of this evidence, it is hereby ORDERED that default judgment is due to be and is hereby ENTERED in favor of Harriet E. Golden and against James 0. Golden in the amount of $48,059.00.”
The husband appeals, arguing that the trial court erred in holding that it had personal jurisdiction over him.
The record shows that the Goldens were divorced on March 12, 1969, by a judgment of the domestic relations branch of the District of Columbia Court of General Sessions. The divorce judgment incorporated an agreement by the husband to pay the wife $200 in monthly periodic alimony. The husband further agreed to increase his alimony payments to $300 if his salary increased by $5,000 over his salary at the time of the agreement. The wife affirmed that the husband’s salary had increased sufficiently to trigger the additional $100 monthly alimony payment in January 1971. In 1983, the husband and the wife met in Wisconsin. At that méeting, he stated that he was having financial difficulties; he asked the wife to allow him to stop paying alimony while he recovered his financial position, and he stated that upon the sale of an interest in certain timberland that he owned he would reimburse her for any payments not therefore made. The wife agreed, and the husband stopped making regular alimony payments.
In 1985, the husband made a payment of $600 to the wife.[1] The wife moved to Madison County, Alabama, in August 1993. *121 In July 1996, the husband sent the wife a partial repayment of the alimony he owed, in the amount of $1,537, to her residence in Madison County; however, the wife negotiated the check through her bank account in Wisconsin. In August 1997, the wife received a check from the business of the husband’s father, Golden Forest Products, in the amount of $1,000. The husband is a resident of Las Vegas, Nevada,[2] and he affirms that he has never been to Alabama and that he has never conducted any business in Alabama. The timberland in which the husband owned an interest[3] was sold in October 1997 for approximately $125,000. After the wife discovered that the timberland had been sold, she instructed her lawyer to contact the husband. In April 1999, the husband’s lawyer sent a payment in the amount of $12,904 to the wife in care of her lawyer in Madison County. The wife affirmed that the husband’s total alimony arrearage to her was $48,059 at that time.’
The husband argues that he did not have such “minimum contacts” with the State of Alabama as to invoke the jurisdiction of the trial court. Rule 4.2(a)(2)(A)-(1), Ala.R.Civ.P., describes the contacts a nonresident might have with this state that would establish jurisdiction. Under the circumstances of this case, the “catchall” provision in Rule 4.2(a)(1) is the only possible basis for establishing jurisdiction over the husband. In pertinent part, that provision would allow the court to exercise jurisdiction over the husband if he
“otherwise [had] some minimum contacts with this state and, under the circumstances,it [would be] fair and reasonable to require [the husband] to come to this state to defend an action.”
See also Sena v. Sena, 709 So.2d 48 (Ala.Civ.App.1998).
This court, in Ex parte Kenco Signs & Awning Div., Inc., 732 So.2d 1019 (Ala.Civ.App.1999), discussed the constitutional requirement that a person have certain “minimum contacts” with a forum state in order for that state to obtain personal jurisdiction:
“ ‘In International Shoe [Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ], the United States Supreme Court stated that to subject a defendant to personal jurisdiction when that person is not present within the territory of the forum, due process requires the defendant to have “certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.” 326 U.S. at 316, 66 S.Ct. 154; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).... The “constitutional touchstone” of this analysis is whether a defendant “purposely availed itself of the privilege of conducting activities” within the forum state, Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), thereby invoking “the benefits and protections of the laws of that state.” International Shoe, 326 U.S. at 319, 66 S.Ct. 154; Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).’ ”
732 So.2d at 1023 (quoting Gibbons v. Brown, 716 So.2d 868, 871 (Fla.Dist.Ct. App.1998)). Our Supreme Court has also considered the test for personal jurisdiction in the context of what a defendant should expect from his actions:
“ ‘[T]he foreseeability that is critical to due process analysis ... is that the defendant’s conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.’ Alabama Waterproofing Co. v. Hanby, 431 So.2d 141, 146 (Ala. 1983) (citations omitted). See, also, Garrett v. Key Ford, [Inc.,] 403 So.2d 923 (Ala.Civ.App.1981).
*122 “... ‘[T]he fundamental question is, did the defendant act in such a manner that he reasonably ought to anticipate the direct consequences of his actions to be felt by another person residing in another state?’ Duke v. Young, 496 So.2d 37, 39 (Ala.1986).”
Ex parte Lord & Son Constr., Inc., 548 So.2d 456, 457 (Ala.1989).
As this court noted in Berlin v. Neuman, 657 So.2d 890, 891 (Ala.Civ.App. 1994), “[t]he determination of whether a court has personal jurisdiction over a nonresident defendant must be made on a case-by-case basis. Steel Processors, Inc. v. Sue’s Pumps, Inc. Rentals, 622 So.2d 910 (Ala.1993).” Berlin is also useful in that it presents facts showing contacts that are not sufficient to establish jurisdiction. In Berlin, a formér wife sought to recover assets of her former husband that he allegedly had commingled with the assets of a later common-law wife. The plaintiff alleged that her former husband had diverted funds owed the plaintiff under the Alabama divorce judgment and had used them to purchase properties owned by the common-law wife, who was not an Alabama resident. The court determined that the defendant common-law wife did not have sufficient contacts even though she had traveled to Alabama on more than one occasion, including coming here, before she was named as a party, to testify in the trial court on behalf of the former husband. The court concluded that the mere possibility that the defendant and the former husband had colluded to hide the former husband’s assets was not sufficient to establish the court’s jurisdiction, even when coupled with the defendant’s occasional visits to Alabama.
In this case, the undisputed facts show that the husband has never been in Alabama and has never conducted any business here. Moreover, the divorce judgment and the agreement later modifying the parties’ obligations under that judgment were undertaken and completed in other states. Although the wife contends that various payments were made to her at the husband’s behest, the only payment ever sent to her directly by the husband was the check for $1,537, and that check was negotiated in Wisconsin. We conclude that these facts present even less of a basis for jurisdiction than was present in Berlin. There is simply nothing beyond the husband’s knowledge of the wife’s address in Madison County that establishes contact with this state. Mailing a payment on an obligation incurred in another state is not conduct from which one would reasonably expect to be “haled into court.” Ex parte Lord & Son, supra.
As the court noted in Lightell v. Lightell, 394 So.2d 41, 43 (Ala.Civ.App. 1981), “[t]he unilateral activity of the wife in moving to Alabama cannot satisfy the requirement of the husband’s ‘minimum contacts’ with the forum state.” Absent personal jurisdiction over the husband, the judgment of the trial court has no basis and must be reversed. The judgment of the trial court is therefore reversed, and the cause is remanded for entry of a judgment consistent with this opinion.
The appellee’s motion to strike, or, in the alternative, to supplement the record is denied.
REVERSED AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. The record does not indicate where this payment was made; we infer that it was made in Wisconsin.

. The record does not indicate when the husband moved to Las Vegas.

. The record does not indicate the extent of the husband's interest.