813 So.2d 913 (2001)
KENCO SIGNS & AWNING DIVISION, INC.
v.
CDC OF DOTHAN, L.L.C., d/b/a TGI Fridays.
2990984.
Court of Civil Appeals of Alabama.
May 18, 2001.
Certiorari Denied August 31, 2001.
*914 D. Lewis Terry, Jr., of Farmer, Price, Hornsby & Weatherford, L.L.P., Dothan, for appellant.
Alan C. Livingston of Lee & Mclnish Attorneys, Dothan, for appellee.
Alabama Supreme Court 1001549.

On Application for Rehearing
YATES, Presiding Judge.
The opinion of January 12, 2001, is withdrawn, and the following is substituted therefor.
These parties have previously been before this court. See Ex parte Kenco Signs & Awning Div., Inc., 732 So.2d 1019 (Ala. Civ.App.1999) ("Kenco I"), for a detailed procedural and factual history.
Suffice it to say that Kenco Signs & Awning Division, Inc. (a Florida corporation), sued CDC of Dothan, L.L.C., d/b/a/ TGI Fridays, in the Circuit Court of Houston County, Alabama, pursuant to the Uniform Enforcement of Foreign Judgments Act, § 6-9-230 et seq., Ala.Code 1975, to domesticate and enforce a judgment it had obtained against CDC in Volusia County, Florida. CDC moved to have the foreign judgment set aside, contending that the Florida court lacked in personam jurisdiction to enter a judgment against it. CDC also counterclaimed against Kenco, alleging a breach of contract and negligence. The trial court granted CDC's motion to set aside the foreign judgment. Id.
Kenco moved the court to "reconsider" its order setting aside the foreign judgment. Kenco also moved the court to strike CDC's counterclaim. The court entered an order denying Kenco's motion to strike; it also entered an order denying Kenco's "motion to reconsider," holding "that the Florida court had lacked in personam jurisdiction over CDC, because, it said, CDC did not have sufficient contacts with Florida to constitutionally permit the Florida court to exercise jurisdiction over CDC." Id. at 1021.
Kenco petitioned this court for a writ of mandamus directing the Circuit Court of Houston County to domesticate and enforce the Florida judgment. We denied the writ, holding that "CDC did not have sufficient contacts with Florida to permit Kenco to sue CDC in Florida." Id. at 1024. Kenco then petitioned the supreme court for a writ of mandamus. The supreme court denied the petition on May 21, 1999.
The case proceeded to trial on the merits on April 26, 2000. On that same date, Kenco moved the court for a judgment as a matter of law ("JML"), arguing that the *915 forum-selection clause contained in the contract, which designated Volusia County as the proper venue for any litigation between the parties arising from the contract, entitled it to a JML on its complaint seeking the enforcement of the foreign judgment and on CDC's counterclaims. The trial court, on May 4, 2000, entered an order denying Kenco's JML, and entered a judgment in favor of CDC on Kenco's complaint and in favor of CDC on its counterclaims.
On May 30, 2000, CDC moved the court to award it an attorney fee pursuant to a provision contained in the contract between it and Kenco which is at the center of the dispute between the parties. The court, on June 7, 2000, set CDC's motion for a hearing on July 10, 2000. Kenco filed its notice of appeal to this court on June 14, 2000.
We note that "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997), quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). CDC's motion for an attorney fee was in the nature of a Rule 59(e) motion to alter or amend the court's judgment of May 4, 2000, to include an award of an attorney fee. See Craven v. Kilgore Funeral Home, Inc., 664 So.2d 230 (Ala. Civ.App.1995). Rule 4(a)(5), Ala. R.App. P., provides:
"A notice of appeal filed after the entry of the judgment but before the disposition of all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59, Alabama Rules of Civil Procedure, shall be held in abeyance until all postjudgment motions filed pursuant to Rules 50, 52, 55, and 59 are ruled upon; such a notice of appeal shall become effective upon the date of disposition of the last of all such motions."
"`A notice [of appeal] filed ... after the filing of a [specified postjudgment motion] but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.'" Woodard v. Hardenfelder, 845 F.Supp. 960, 965 (E.D.N.Y.1994), quoting the Advisory Committee's notes to Rule 4, Fed. R.App. P.
Kenco filed its notice of appeal before the trial court had disposed of CDC's postjudgment motion seeking an attorney fee; therefore, its notice of appeal was to be held in abeyance pending the trial court's disposition of CDC's motion. Because the trial court never ruled upon CDC's motion, it was deemed denied by operation of law on August 28, 2000, and the appeal became effective on that date. See Selco, S.R.L. v. Webb, 727 So.2d 796 (Ala.1998).
Relying upon Professional Insurance Corp. v. Sutherland, 700 So.2d 347 (Ala. 1997), Kenco argues that the trial court erred in holding that the forum-selection clause contained in the contract was invalid and unenforceable. Kenco further argues that the court erred in failing to domesticate and give full faith and credit to the Florida judgment obtained against CDC. In Sutherland, our supreme court considered the question "whether the Alabama courts should continue to refuse to enforce `outbound' forum selection clauses on the grounds that such clauses are against public policy and therefore void per se." Id., at 348. Our supreme court, in Sutherland, overruled Redwing Carriers, Inc. v. Foster, 382 So.2d 554 (Ala. 1980), and its progeny and held that "outbound" forum-selection clauses are not void per se as against public policy and should be enforced so long as enforcement of the clause is neither unfair nor unreasonable *916 under the circumstances. Sutherland,
The holding in Sutherland is inapplicable to the dispositive issue presented by this case. Indeed, we do not reach the issue whether the forum-selection clause is valid and enforceable, because we conclude that the Volusia County court lacked in personam jurisdiction over CDC to enter a judgment against it. We note that Kenco conceded in its original mandamus petition filed in this court that the Volusia County judgment was not enforceable in Alabama if CDC was not subject to the jurisdiction of the Volusia County court. Kenco I, at 1021. In Kenco I, this court determined that CDC had not performed any of the acts enumerated in Florida's long-arm statute and that it had not had sufficient contacts with the State of Florida to subject it to the in personam jurisdiction of that court and permit it to be sued there. Citing McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla.1987), we specifically stated:
"The forum-selection clause ... cannot operate as the sole basis for a Florida court to exercise in personam jurisdiction over CDC. For the forum-selection clause to be enforceable, there must exist another independent ground for Florida to assert jurisdiction upon CDC, and, as previously discussed, no other grounds exist in this case."
Kenco I, at 1024 (citation omitted).
After carefully reviewing the record, we conclude that Kenco has failed to produce any additional evidence that would indicate the Volusia County court had in personam jurisdiction over CDC. Further, having previously determined that the forum-selection clause cannot operate as the sole basis for the Florida court's exercising in personam jurisdiction over CDC, we conclude that the trial court properly entered a judgment in favor of CDC on Kenco's complaint seeking to domesticate and enforce the Volusia County judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, § 6-9-230 et seq., Ala.Code 1975.
We note that Kenco has presented no argument on appeal regarding the judgment entered against it on CDC's counterclaims; therefore, it has waived that issue. A party's failure to argue an issue in his brief on appeal is a waiver of that issue. Elledge v. Mathis, 686 So.2d 317 (Ala.Civ. App.1996).
OPINION OF JANUARY 12, 2001, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
THOMPSON and PITTMAN, JJ., concur.
CRAWLEY and MURDOCK, JJ., dissent.
MURDOCK, Judge, dissenting.
In Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the United States Supreme Court noted:
"[B]ecause the personal jurisdiction requirement is a waivable right, there are a `variety of legal arrangements' by which a litigant may give `express or implied consent to the personal jurisdiction of the court.' Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, [456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)]. For example, particularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. See National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). Where such forum-selection provisions have been obtained through `freely negotiated' agreements *917 and are not `unreasonable and unjust,' The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15[, 92 S.Ct. 1907, 32 L.Ed.2d 513] (1972), their enforcement does not offend due process."
471 U.S. at 473 n. 14, 105 S.Ct. 2174 (emphasis added), quoted in Professional Ins. Corp. v. Sutherland, 700 So.2d 347, 353 (Ala.1997) (Maddox, J., concurring in the result).
Applying the above-quoted principles, I cannot conclude that enforcement of the parties' forum-selection provision in their agreement violates any principle of due process. There is no allegation that that agreement was not freely negotiated. Nor is the provision unreasonable or unjust. The parties must litigate any disputes that arise between them in one state or the other, whether Alabama or Florida. It was not unreasonable for them to agree in advance to select Florida (where the signs were to be manufactured and where one of the parties resides) rather than Alabama.
However, this court should not give the Florida judgment at issue any greater effect than would a Florida court. See Speed v. Speed, 341 So.2d 156, 159 (Ala. Civ.App.1976) (citing 28 U.S.C. § 1738). If, despite satisfaction of due-process requirements, a more restrictive long-arm statute applies in the State of Florida that Kenco did not satisfy in suing CDC, we must conclude that the Florida court did not have jurisdiction over CDC and, accordingly, that Kenco's judgment against it is not due to be enforced. See Hennessee v. State ex rel. State of Texas, 650 So.2d 903, 904 (Ala.Civ.App.1994) (if the court of another state has personal and subjectmatter jurisdiction over an individual and enters judgment accordingly, that judgment is entitled to full faith and credit in the courts of this state).
The majority cites the Florida Supreme Court's holding in McRae v. J.D./M.D., Inc., 511 So.2d 540 (Fla.1987), which indicates that Florida's long-arm statute is more restrictive than is the federal dueprocess requirement. See McRae, 511 So.2d 543, n. 4 and accompanying text. Like the present case, McRae involved a contractual forum-selection clause. In the words of the Florida Supreme Court, the issue before it in McRae was whether a Florida court could "exercise in personam jurisdiction over the objection of a nonresident defendant who has done none of the acts specified in Florida's long arm statute, Section 48.193, Florida Statutes, but who is a party to a contract which designates Florida as the forum for any subsequent litigation." 511 So.2d at 541.
The McRae court considered whether the parties before it satisfied the requirement of § 48.193(g), Fla. Stat. Ann., which provides that "breaching a contract in [Florida] by failing to perform acts required by the contract to be performed in [Florida]" will subject a person to the jurisdiction of Florida courts. In McRae, however, the Florida Supreme Court concluded that "Florida was not the place where the contract was to be performed, thus negating the applicability of the statute" in that case. Id. at 542 n. 2.
In contrast to McRae, the present case does involve a breach by CDC of a contractual obligation required by it to be performed in the state of Florida. In Ex parte Kenco Signs & Awning Division, Inc., 732 So.2d 1019 (Ala.Civ.App.1999) ("Kenco I"), the earlier mandamus proceeding involving the dispute between these parties,[1] this court pointed out that *918 the contract between CDC and Kenco was silent as to where the unpaid balance of the contract was to be paid. 732 So.2d at 1024. Accordingly, as this court correctly noted in Kenco I, "Florida law requires this court to presume that payment was to be made where Kenco is located," i.e., Volusia County, Florida. Id. (citing O'Brien Glass Co. v. Miami Wall Sys., Inc., 645 So.2d 142 (Fla.Dist.Ct.App.1994)).
Thus, I conclude that the present case, unlike McRae, involves both a forum-selection clause, which is sufficient to satisfy constitutional due-process requirements, and a satisfaction of one of the statutory conditions of long-arm jurisdiction under § 48.193, Fla. Stat. Ann., i.e., a failure to perform acts under a contract that are required to be performed in Florida. My conclusion is consistent with that reached in Vacation Ventures, Inc. v. Holiday Promotions, Inc., 687 So.2d 286 (Fla.Dist.Ct. App.1997), in which a Florida forum-selection clause and a contract provision for payment in Florida of sums owed under a contract were held to satisfy both statutory and constitutional prerequisites to Florida long-arm jurisdiction.
Other Florida cases, such as O'Brien, have held that a refusal to pay for goods in the state of Florida, although one of the acts enumerated in the Florida long-arm statute, is not sufficient in and of itself to confer personal jurisdiction over the nonpayor. 645 So.2d at 143-44. Such cases reason that the nonpayor does not have sufficient contacts with Florida to satisfy the minimum-contacts due-process requirement. In those cases, however, there was no forum-selection clause by which the defendant had stipulated in advance to submit itself to the jurisdiction of a Florida court. See also, e.g., Alan Richard Textiles, Ltd. v. Vertilux, Inc., 627 So.2d 529 (Fla.Dist.Ct.App.1993); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989). The presence of such a clause in this case makes the difference. Burger King, 471 U.S. at 473 n. 14, 105 S.Ct. 2174.
I therefore disagree with that portion of the majority's opinion affirming the trial court's judgment in favor of CDC on Kenco's complaint seeking to domesticate and enforce the Florida judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, § 6-9-230 et seq., Ala. Code 1975. In addition, because I conclude that the Florida court had subjectmatter and personal jurisdiction as to the claims asserted in Kenco's complaint, all of which arose out of the parties' contract, I believe that CDC's counterclaims (which arose out of the same transaction) were, under Florida law, compulsory counterclaims in the Florida action and should have been raised there. Rule 1.170(a), Fla. R. Civ. P.; Londono v. Turkey Creek, Inc., 609 So.2d 14, 19 (Fla.1992). Accordingly, I respectfully dissent from the denial of Kenco's application for rehearing.
CRAWLEY, J., concurs.
NOTES
[1] I note that this court's denial of the petition for the writ of mandamus in Kenco I has no res judicata effect in favor of CDC. See United Techs. Composite Prods. v. Webster, 701 So.2d 22 (Ala.Civ.App.1997).