THOMPSON, Presiding Judge.
 

 The Alabama Department of Industrial Relations (“the Department”) appeals a judgment determining that Laronica Smith was entitled to receive unemployment-compensation benefits.
 

 The record indicates that Smith was employed by Dr. Bobby J. Dunn, a psychiatrist, as an administrative secretary from September 12, 2008, until January 28, 2009. It is undisputed that on January 28, 2009, Dunn asked Smith to sign two confidentiality agreements. Smith did not sign the confidentiality agreements, and she left the premises where Dunn’s office is located.
 

 Smith contended that her employment was terminated, and she sought unemployment-compensation benefits. Dunn opposed Smith’s application for unemployment-compensation benefits, and Smith’s request for benefits was denied. Smith appealed that decision, and the Department’s administrative hearing officer conducted a hearing. The hearing officer received ore tenus evidence from Dunn, who testified under oath. Smith did not appear at that administrative hearing. On May 15, 2009, the administrative hearing officer issued a decision concluding that Smith was not entitled to receive unemployment-compensation benefits. The hearing officer found that Smith had voluntarily left her employment without good cause and, therefore, that she was disqualified under § 25-4-78(2), Ala.Code 1975, from receiving unemployment-compensation benefits.
 

 Smith appealed the decision of the administrative hearing officer to the State Board of Appeals (“the Board”) for the Department, which denied Smith’s application for leave to appeal. Smith, pursuant to § 25-4-95, Ala.Code 1975, then appealed to the Montgomery Circuit Court (“the trial court”) by submitting a letter indicating her wish to contest the denial of her application for unemployment-compensation benefits.
 
 [1]
 
 The Department answered and denied that Smith was eligible for unemployment-compensation benefits.
 

 On February 3, 2010, the Department moved for a summary judgment. In its summary-judgment motion, the Department argued that Smith had refused a reasonable job directive and that, therefore, under § 25-4-78(2), Ala.Code 1975, Smith was precluded from recovering unemployment-compensation benefits. Smith did not file a response to the summary-judgment motion.
 

 
 *1048
 
 The trial court conducted a hearing on the Department’s summary-judgment motion. Smith appeared pro se at that hearing. The Department and Smith each argued their positions. In addition, Smith made a number of factual representations to the trial court; however, Smith was not sworn in as a witness, and, therefore, she did not provide sworn testimony before the trial court.
 

 On April 20, 2010, the trial court entered a judgment denying the Department’s motion for a summary judgment, finding in favor of Smith, and determining that Smith was entitled to unemployment-compensation benefits. The Department timely appealed.
 

 A detailed recitation of the facts is not required to resolve this appeal. In support of its summary-judgment motion, the Department submitted to the trial court documentary evidence, an affidavit from Dunn, and the transcript of the hearing before the administrative hearing officer; that evidence constitutes the only admissible evidence presented in this matter. The Department’s evidence indicates that Dunn asked Smith and his other employees to sign confidentiality agreements and that Smith refused to do so.
 
 [2]
 
 Smith had alleged in an unsigned letter to the Board that she had requested to be allowed to have an attorney review the confidentiality agreements.
 
 [3]
 
 Dunn testified that he had told Smith she could have the agreements reviewed by an attorney but that she would have to sign them to continue her employment. According to Dunn, Smith “refused ... and walked out.” The evidence in the record indicates that Smith left Dunn’s office without explanation after she refused to sign the confidentiality agreements and that, before she left, she had been the only employee in the office that day. Dunn testified that Smith returned the next day with an “investigator” and requested a paycheck; Dunn stated that Smith and the investigator left his office premises only after Dunn telephoned 911 for emergency assistance.
 

 As indicated earlier, Smith was not sworn in as a witness during the hearing on the Department’s motion for a summary judgment. Rather, during the summary-judgment hearing, Smith made factual representations to the trial court in which she stated that she had wanted to have an attorney review the confidentiality agreements and explained her reasoning for that request. During the summary-judgment hearing, Smith also alleged that she left the office after refusing to sign the confidentiality agreement and that she returned to the office the next day to obtain a paycheck.
 

 In its judgment denying the Department’s summary-judgment motion and finding in favor of Smith, the trial court made factual determinations, including that a “fair interpretation of all of the evidence” indicated that Smith had “good cause for declining to remain at her job.” The trial court cited other factual findings in support of that determination.
 

 Initially, we note that the denial of a summary-judgment motion is not appeal-able.
 
 See Parsons Steel, Inc. v. Beasley,
 
 522 So.2d 253, 258 (Ala.1988) (“ ‘ “The or
 
 *1049
 
 der which denied summary judgment is interlocutory in nature, not made appeal-able by statute, and will, therefore, not support an appeal.” ’ ” (quoting
 
 Whitehead v. Baranco Color Labs, Inc.,
 
 353 So.2d 793, 794 (Ala.1977))). Therefore, we do not reach the Department’s argument that the trial court should have granted its summary-judgment motion. However, in this case, in denying the Department’s motion for a summary judgment, the trial court also entered a judgment on the merits in favor of Smith. We address the Department’s arguments to the extent they challenge the entry of the judgment on the merits.
 

 The Department contends, among other things, that the trial court erred in reaching its judgment based on the arguments Smith presented at the hearing on its motion for a summary judgment. As the Department argued to the trial court, Smith did not respond to its summary-judgment motion. The trial court ruled that Smith’s “appearance [at the hearing on the summary-judgment motion] is a response,” and the hearing proceeded. Based on information received at that hearing, the trial court reached certain factual findings in its judgment. However, Rule 56(e), Ala. R. Civ. P., provides, in pertinent part:
 

 “When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party’s pleading, but the adverse party’s response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against him.”
 

 Our supreme court has stated that “bare argument ... does not satisfy the nonmov-ing party’s burden to offer facts to defeat the motion.”
 
 Hurst v. Alabama Power Co.,
 
 675 So.2d 397, 400 (Ala.1996). Thus, because Smith did not provide sworn testimony, her arguments at the summary-judgment hearing were not admissible evidence and constituted “mere allegations or denial[s]” of the Department’s allegations and evidence.
 
 See
 
 Rule 56(e), Ala. R. Civ. P. Further, a witness providing evidence must testify under oath. Rule 603, Ala. R. Evid. (“Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness’s conscience and impress the witness’s mind with the duty to do so.”). Smith was not under oath, and, therefore, she presented no admissible evidence on her own behalf.
 

 The trial court made factual findings, including that Dunn had refused to allow Smith to have the confidentiality agreements reviewed by an attorney.
 
 [4]
 
 That finding is not supported by the evidence in the record on appeal; that finding is derived from Smith’s unsworn allegations. The trial court also found that Smith did not leave her job voluntarily and that Dunn had requested that Smith leave the premises. The uncontroverted evidence presented by the Department indicates that Smith left her employment without notice on the day she was asked to sign the confidentiality agreement and that Dunn asked her to leave the office premises the next day, when Smith had returned with another person and Dunn telephoned
 
 *1050
 
 911 for emergency assistance after they refused to leave.
 

 Given the foregoing, we conclude that the trial court erred in entering its judgment in favor of Smith because there was no admissible evidence to support that judgment. We remand the cause to the trial court to conduct an ore tenus hearing on the merits.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Section 25-4-95, Ala.Code 1975, specifies that "[t]rial in the circuit court shall be de novo.”
 

 [2]
 

 . The record indicates that the confidentiality agreements required the employee to not divulge the names of Dunn’s patients, not contact those patients after the employee no longer worked for Dunn, and not discuss the confidential nature of the employee’s work for Dunn.
 

 [3]
 

 . That letter, which was undated, constituted Smith’s appeal to the Board of the administrative hearing officer’s decision. The letter was received by the Board on June 2, 2009.
 

 [4]
 

 . This court does not reach the Department’s contention that Smith refused a reasonable employment directive.