THOMPSON, Presiding Judge.
On March 16, 2011, Terence Merchant (“Merchant”), who is an inmate of a correctional facility, filed a complaint against Irving M. Winter, Jr. (“Winter”). In his complaint, Merchant alleged claims under the Alabama Legal Services Liability Act (“ALSLA”), § 6-5-570 et seq., Ala.Code 1975, in connection with Winter’s representation of him in the criminal proceeding that resulted in. Merchant’s incarceration. Both Merchant and Winter proceeded pro se in the trial court and are proceeding pro se before this court.
Winter answered Merchant’s complaint and denied liability. In addition, Winter filed a motion seeking to dismiss the claims Merchant asserted against him. In support of that motion, Winter submitted certain documents. Merchant responded to the “motion to dismiss,” and he also submitted documents in support of his arguments. The trial court scheduled a hearing on the motion, and it entered an order allowing Merchant to be transported from the correctional facility in which he is incarcerated to attend the scheduled hearing. At that hearing, the trial court considered the parties’ arguments and admitted into evidence several documents as exhibits.
On August 10, 2011, the trial court entered a judgment “dismissing” Merchant’s claims against Winter. In that judgment, the trial court stated that it found that “[Merchant’s] allegations lacked merit.” Merchant filed a supplemental submission of evidence two days after the entry of the judgment; it appears that Merchant mailed that submission to the trial court before the entry of the judgment.
Merchant also filed a postjudgment motion. The trial court did not rule on Merchant’s postjudgment motion, but, before the 90 days allowed under Rule 59.1, Ala. R. Civ. P., had expired, Merchant filed his notice of appeal. An appeal filed before the disposition of a pending postjudgment motion is deemed to be held in abeyance until the resolution of that motion by a ruling or by its denial by operation of law. Rule 4(a)(5), Ala.R.App. P. The trial court did not rule on Merchant’s post-judgment motion, and, therefore, it was denied by operation of law pursuant to Rule 59.1. Merchant’s notice of appeal became effective on the date the post-judgment motion was deemed denied by operation of law. Kenco Signs & Awning Div., Inc. v. CDC of Dothan, L.L.C., 813 So.2d 913, 915 (Ala.Civ.App.2001). The appeal was transferred to this court by the supreme court pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, Merchant argues that the trial court erred in entering a judgment in favor of Winter. Initially, we note that the parties’ submission of evidence outside the pleadings, and the trial court’s acceptance and consideration of that evidence, resulted in Winter’s “motion to dismiss” being converted to a motion for a *861 summary judgment. Rule 12(b), Ala. R. Civ. P.; Jenkins v. State Farm Mut. Auto. Ins. Co., 80 So.3d 414, 417 (Ala.Civ.App.2008).
“ ‘ “[An appellate court’s] review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala.Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).” ’ ”
Gooden v. City of Talladega, 966 So.2d 232, 235 (Ala.2007) (quoting Prince v. Poole, 935 So.2d 431, 442 (Ala.2006), quoting in turn Dow v. Alabama Democratic Party, 897 So.2d 1035,1038-39 (Ala.2004)).
According to the allegations in the pleadings and the documents submitted by the parties, Merchant is incarcerated pursuant to a plea agreement entered on October 12, 2010. That agreement provided that Merchant serve sentences of 25 years, split to serve 5 years in prison followed by 20 years on probation, on each of 9 counts of unlawful distribution of cocaine; those sentences were to be served concurrently. Additionally, Merchant was sentenced to a five-year sentence, split to serve one year in prison followed by four years’ probation, on each of five counts of trafficking cocaine. The trafficking sentences were to run concurrently with each other but consecutively to the unlawful-distribution sentences. Merchant was also charged with other felonies, but it appears that those charges were dropped as part of the October 2010 plea agreement.
Merchant alleged in his complaint that in March 2010 an assistant district attorney offered him a 10-year sentence on all 21 criminal counts then pending against him and that, pursuant to that purported offer, he was to receive credit for “good time” and for time served pending sentencing. Merchant alleged that Winter advised him against taking that purported offer and that Winter did so in order to increase the amount of time he spent on Merchant’s case in order to increase his legal fee. Merchant alleged in his complaint that he was currently incarcerated on a 33-year sentence. Merchant sought damages for negligence, wantonness, breach of contract, and fraud.
In his “motion to dismiss,” Winter argued that Merchant had committed a fraud upon the court by representing that he was indigent and, therefore, entitled to waive certain court costs for that reason. Winter argued that Merchant’s conduct in making that representation to the court constituted contempt and that Merchant’s claims against him should be dismissed for that reason. Winter also asserted that Merchant knowingly rejected the purport *862 ed plea offer by the assistant district attorney and that the plea agreement pursuant to which Merchant was ultimately sentenced was less than the 10-year sentence the assistant district attorney had purportedly offered in March 2010.
In support of his motion, Winter submitted certain evidence pertaining to some land-sale transactions in which he represented Merchant, a letter from Merchant to Winter concerning those transactions and Winter’s representation of him in the criminal matter, and documents pertaining to the plea agreement pursuant to which Merchant is currently incarcerated. In response to Winter’s motion, Merchant submitted only copies of four letters he sent to Winter in which Merchant documented certain complaints he had about Winter’s representation of him in the criminal proceeding.
During the hearing on Winter’s summary-judgment motion, Merchant submitted as exhibits some of the letters he had already submitted in support of his opposition to Winter’s motion. Winter submitted into evidence as exhibits certain documents pertaining to Merchant’s acceptance of the October 2010 plea offer and Winter’s itemization of charges for his representation of Merchant in the criminal proceeding.
Before the trial court during the summary-judgment hearing, Merchant and Winter also each made representations to the trial court pertaining to other facts each contended supported his position with regard to the summary-judgment motion. Merchant explained to the trial court his version of facts pertaining to the purported March 2010 plea offer, its terms, and the length of time he expected to serve on his current sentence. Winter made representations regarding the validity of the purported March 2010 plea offer and the quality of his representation of Merchant. However, neither Merchant nor Winter was sworn in during the summary-judgment hearing, and, therefore, their representations did not constitute admissible evidence that could be properly considered by the trial court in a summary-judgment proceeding. Alabama Dep’t of Indus. Relations v. Smith, 62 So.3d 1046 (Ala.Civ.App.2010).
In Alabama Department of Industrial Relations v. Smith, supra, the trial court conducted a hearing on the Department’s summary-judgment motion. In that case, the Department made a prima facie case in support of its summary-judgment motion, and Smith failed to respond to the summary-judgment motion except through her appearance at the summary-judgment hearing. During the summary-judgment hearing, the trial court heard the arguments of the parties, and Smith made certain factual representations to the trial court; “however, Smith was not sworn in as a witness, and, therefore, she did not provide sworn testimony before the trial court.” Alabama Dep’t of Indus. Relations v. Smith, 62 So.3d at 1048. Based on the matters presented to it at the summary-judgment hearing, the trial court entered a judgment on the merits in favor of the Department. That judgment included factual findings that were based on the factual representations Smith had made before the trial court during the hearing on the Department’s summary-judgment motion. This court reversed the trial court’s judgment, holding that because Smith’s factual representations to the trial court were not sworn and did not constitute admissible evidence, the trial court erred in relying on those representations in entering its judgment. Alabama Dep’t of Indus. Relations v. Smith, 62 So.3d at *863 1049-50.[1]
Similarly, in this case, we conclude that the oral representations Winter and Merchant made to the trial court did not constitute admissible evidence upon which the trial court could base its summary judgment. Alabama Dep’t of Indus. Relations v. Smith, supra. The only admissible evidence before the trial court was the documentary evidence submitted by the parties, which included evidence pertaining to land-sale transactions, certain letters regarding Winter’s representation of Merchant, and documents formalizing the plea agreement accepted by Merchant in October 2010. Neither Winter nor Merchant submitted an affidavit or other testimony concerning the underlying facts, and neither presented evidence regarding the standard of care applicable to an action under the ALSLA. See Valentine v. Watters, 896 So.2d 385 (Ala.2004) (discussing, generally, the ALSLA and the applicable standard of care).
In entering its judgment in this case, the trial court found that Merchant’s claims were “without merit.” However, “because there was no admissible evidence to support that judgment,” this court must reverse the judgment and remand this cause to the trial court for further proceedings. Alabama Dep’t of Indus. Relations v. Smith, 62 So.3d at 1050.
REVERSED AND REMANDED.
PITTMAN and THOMAS, JJ, concur.
MOORE, J., concurs in the result, without writing.
BRYAN, J., dissents, without writing.

. Recently, in Williams v. Harris, 80 So.3d 273 (Ala.Civ.App.2011), this court determined that the facts of Alabama Department of Industrial Relations v. Smith, supra, were distinguishable from those of that case. In Williams v. Harris, supra, the trial court failed to swear in the witnesses during a hearing on the merits. This court held that the parties’ failure to object to the trial court’s failure to place the parties under oath before they testified constituted a waiver .of any such objection and, therefore, that the issue had not been preserved for appeal. Williams v. Harris, 80 So.3d at 278-79. In so holding, the court distinguished that case from Smith, supra, by noting that in Smith the matter had been before the trial court on a summary-judgment hearing at which the parties made legal arguments, as opposed to the evidentia-ry hearing on the merits at issue in Williams v. Harris, supra, 80 So.3d at 278. We conclude that this case is factually similar to Smith, supra, rather than to Williams v. Harris, supra.